CITY OF WATERBURY *v.* WATERBURY POLICE UNION, LOCAL 1237, ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

402

Argued November 13, 1978—decision released January 2, 1979

*John F. Phelan,* for the appellant (plaintiff).

*W. Paul Flynn,* with whom, on the brief, was *Frank J. Raccio,* for the appellees (defendants).

BOGDANSKI, J. In September of 1976, the plaintiff city of Waterbury and the defendant Waterbury police union submitted to arbitration a dispute which had arisen as a result of the transfer of two employees from the detective division to the patrol division. The decision and award of the arbitration panel was released in October. The city then brought an application in Superior Court to vacate the award on the ground that the arbitrators had

exceeded their powers. The defendant police union and the defendant American Federation of State, County and Municipal Employees, in turn, moved to confirm the award and also requested an award of reasonable attorney's fees plus costs, pursuant to § 31-72 of the General Statutes. After a hearing, the court denied the motion to vacate and granted the motion to confirm. In addition, the court granted attorney's fees and costs to the defendants, citing as authority § 31-72 of the General Statutes.[1]

From that judgment the plaintiff has appealed, alleging that the arbitrators improperly interpreted the provisions of a collective bargaining agreement and that the court erred in granting attorney's fees.

Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators. Moreover, it is well settled that courts should view with suspicion any attempt to persuade them to entangle themselves in the construction and interpretation of the

[1] "[General Statutes] Sec. 31-72. CIVIL ACTION TO COLLECT WAGE CLAIM OR ARBITRATION AWARD. When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization may recover, in a civil action, the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action. At the request of any worker who has failed to receive payment under the provisions of said sections, the labor commissioner may take an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim, and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court."

substantive provisions of collective bargaining agreements. *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 585, 80 S. Ct. 1347, 4 L. Ed. 2d 1409. Therefore, in deciding whether arbitrators have "exceeded their powers," as that phrase is used in § 52-418 (d), a court need only examine the submission and the award and determine whether the award conforms to the submission. *Board of Education* v. *Bridgeport Education Assn.*, 173 Conn. 287, 291, 377 A.2d 323; *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.*, 164 Conn. 472, 477, 325 A.2d 274.

Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. *Meyers* v. *Lakeridge Development Co.*, 173 Conn. 133, 135, 376 A.2d 1105.

The parties in this case agreed upon the following submission: "Whether the City's transfer of grievants from the Detective Division to the Patrol Division of the Waterbury Police Department was valid under the Collective Bargaining Agreement. If not, what should the remedy be?"

The decision and award of the arbitrators was as follows: "It is the decision of the arbitrators that grievant DeMaria be returned to the Detective Division effective June 20, 1975, and that he receive the difference between patrolman's pay and detec-

tive's pay, retroactive to that date, together with any clothing allowance payments that he would have received as a detective. It is the further decision of the arbitrators that the grievance of James Deeley be denied."

The trial court found, and we agree, that the submission in this case was unrestricted. The trial court therefore properly limited its inquiry to the question of whether the award conformed to the submission and found that it did. Having examined the record before us, we conclude that the trial court did not err in confirming the arbitration award.

As previously noted, the trial court, in addition to confirming the award, also ordered that the defendants recover attorney's fees in the amount of $1000, pursuant to the provisions of § 31-72 of the General Statutes. In its assignment of errors, the plaintiff claims that § 31-72 has no application to statutory proceedings having to do with the confirmation of arbitration awards and that the court erred in awarding attorney's fees.

The defendants, in turn, argue that § 31-72 is applicable to such proceedings in view of § 52-421,[2] which provides that a judgment of a court confirm-

[2] "[General Statutes] Sec. 52-421. RECORD TO BE FILED WITH CLERK OF COURT. Any party applying for an order conforming, modifying or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk: (a) The agreement, the selection or appointment, if any, of an additional or substitute arbitrator or an umpire, any written agreement requiring the reference of any question as provided in section 52-415, and each written extension of the time, if any, within which to make the award; (b) the award; (c) each notice and other paper used upon an application to confirm, modify or correct the award and a copy of each order of the court upon

ing, modifying or correcting an award "shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action . . . in the court in which it is entered."

Section 52-421 provides that the "judgment or decree [upon an application for an order confirming, modifying or correcting an award] shall be docketed as if it were rendered in a civil action." This section then provides that the "judgment or decree so entered shall have the same force and effect . . . as . . . a judgment or decree in a civil action; and [that] it may be enforced as if it had been rendered in a civil action."

Section 31-72 provides that where an employee or a labor organization institutes an action *to enforce* an arbitration award, such employee or labor organization may recover, *in a civil action,* the full amount due, with costs and reasonable attorney's fees as may be allowed by the court.

The question is thus whether a proceeding to confirm, modify or vacate an arbitration award, brought pursuant to §§ 52-417, 52-418 or 52-419, is a *civil action* such that § 31-72 will be applicable. We note first that applications brought to confirm, modify or vacate arbitration awards are special

such an application. The judgment or decree shall be docketed as if it were rendered in a civil action. The judgment or decree so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action; and it may be enforced as if it had been rendered in a civil action in the court in which it is entered. When the award requires the performance of any other act than the payment of money, the court or judge entering such judgment or decree may direct the enforcement thereof in the manner provided by law for the enforcement of equitable decrees."

statutory proceedings. *Boltuch* v. *Rainaud,* 137 Conn. 298, 301, 77 A.2d 94. It has long been established by the courts of this state that certain statutory proceedings are not "civil actions" within the meaning of title 52 of the General Statutes. In *Slattery* v. *Woodin,* 90 Conn. 48, 50, 96 A. 178, for example, this court held that controversies in the Probate Court were not civil actions because these controversies did not fit within the definition of civil action as that term has traditionally been defined. In *Slattery,* the court observed (p. 50): "The accepted meaning of the term 'civil action' in this State is very well illustrated by the provision of our Practice Act (General Statutes, § 607) [now § 52-91] that 'there shall be but one form of civil action, and the pleadings therein shall be as follows: The first pleading on the part of the plaintiff shall be known as the complaint.' " In view of the above, it is significant that proceedings to confirm, modify or vacate arbitration awards are initiated, not by the filing of a complaint, but by the filing of an application or of a rule to show cause. General Statutes §§ 52-417, 52-418 and 52-419.

In *Chieppo* v. *Robert E. McMichael, Inc.,* 169 Conn. 646, 363 A.2d 1085, this court rejected a claim that an appeal from an award by a compensation commissioner was a "civil action." In that case the court examined the language of the Workmen's Compensation Act and concluded (p. 653) that the legislature had intended to establish "a speedy, effective and inexpensive method for determining claims" and that this objective would be frustrated by applying to such cases the procedural requirements and delays attendant upon an ordinary civil action. The court in *Chieppo* held that appeals in workmen's compensation cases were not ordinary

civil actions and therefore that the provisions of § 52-32 governing the transfer of civil actions were not applicable to such proceedings.[3]

Section 52-420 of the General Statutes provides that "[a]ny application under section 52-417, 52-418 or 52-419 [to confirm, modify or vacate an arbitration award] shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, *in order to dispose of the case with the least possible delay.*" (Emphasis added.)

We conclude that proceedings brought pursuant to § 52-420 to confirm, modify or vacate arbitration awards are not civil actions within the meaning of title 52.

It should be noted at this point that in neither § 52-421 nor in § 31-72 is there any language indicating that proceedings to confirm, vacate or correct arbitration awards are to be considered as civil actions. In fact, the language of § 52-421 leads to quite the opposite conclusion. Section 52-421 provides, in pertinent part, that a decree or judgment confirming, modifying or correcting an award shall be docketed *"as if it were rendered in a civil action."* (Emphasis added.) Section 52-421 also provides expressly that an order confirming, modifying or correcting an award "may be enforced *as if it had been rendered in a civil action."* (Emphasis added.)

---

[3] For additional examples of special statutory proceedings which have been distinguished from title 52 "civil actions," see *Jones* v. *Foote,* 165 Conn. 516, 521, 338 A.2d 467; *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* 153 Conn. 121, 124, 214 A.2d 377; *New Haven* v. *New Haven Water Co.,* 132 Conn. 496, 515, 45 A.2d 831; *Connecticut Light & Power Co.* v. *Southbury,* 95 Conn. 88, 93, 111 A. 360.

When the above portions of § 52-421 are read in connection with the portion of § 31-72 which permits an award of attorney's fees and costs "in a civil action" brought "to enforce an arbitration award," it becomes clear that § 31-72 applies, not to proceedings to confirm, modify or vacate arbitration awards, but only to civil actions which are later brought to enforce orders which have confirmed, modified or vacated an award.

The present proceeding as to which the court made an award of attorney's fees was a proceeding to confirm an award. Such proceedings are not civil actions within the meaning of title 52 and § 31-72 does not apply to such proceedings. The court therefore erred in awarding attorney's fees.

There is error in part; the judgment confirming the award is affirmed, except as to the order awarding attorney's fees which is set aside.

In this opinion the other judges concurred.