DOMINIC BRUNO *v.* DEPARTMENT OF CONSUMER PROTECTION ET AL.
(11019)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued March 11—decision released May 3, 1983

*Ronald E. Cassidento,* for the appellant (plaintiff).

*Robert E. Walsh,* assistant attorney general, with whom were *Richard T. Sponzo,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellees (defendants).

PER CURIAM. The plaintiff has appealed from the dismissal of his application to vacate or to vacate in part and correct an arbitration award. The facts have been stipulated. The plaintiff was employed as an inspector by the state department of consumer protection. On or about January 12, 1979, the plaintiff was arrested and charged with larceny and possession of weapons in a motor vehicle. As a result of these charges, the plaintiff was immediately notified that he had been placed on leave of absence. This leave was extended by letters from the department in February, March and September of 1979. The leave expired on July 11, 1980. After the charges arising from the January, 1979 arrest were dismissed in May, 1980, the plaintiff sought reinstatement. His request was denied. One month after his first arrest, the plaintiff was arrested and charged with three counts of criminal mischief, six counts of eavesdropping and one count of conspiracy. The department learned in late July, 1980, of the plaintiff's conviction on several of these charges. In late August, 1980, the plaintiff was notified that he had been dismissed for misconduct and for the good of the state service.

Pursuant to a collective bargaining agreement, the plaintiff filed a grievance and both parties sought arbitration of the issues: "Was the dismissal of Dominic Bruno for good cause? If not, what shall the remedy be?" Basing his analysis on state personnel

regulations,[1] the arbitrator ruled that the reasons for the dismissal given by the department constituted good cause, and that no notice of dismissal was necessary under the circumstances. Nevertheless, the arbitrator concluded that the failure of the state to reinstate the plaintiff or to take other disciplinary action based on the later charges once the leave arising from the first arrest expired on July 11, 1980, constituted a "procedural violation" of the just cause standard. Accordingly, the plaintiff was awarded back pay for the

---

[1] "[Regs., Conn. State Agencies] Sec. 5-240-3. —DISMISSAL.

"(a) An appointing authority may dismiss an employee with permanent status from the classified service when the good of the service will be served thereby. Just cause for considering the good of the service will be served shall be based on, but not necessarily restricted to, incompetency, inefficiency, neglect of duty, or misconduct. . . .

"(c) An appointing authority dismissing an employee shall give the employee written notice which shall:

"(1) State the reason for dismissal.

"(2) State in concise language the acts or omissions upon which the dismissal is based.

"(3) State the effective date of the dismissal which shall be two weeks from the date of the notice. Such advance notice need not be given in cases of serious misconduct by an employee affecting the public, the welfare, health or safety of patients, inmates or state employees or the protection of state property.

"(4) Notify the employee that he may reply to the dismissal, and notify him of his right of appeal within ten days of the effective date of the dismissal.

"(d) An appointing authority may, pending an investigation of alleged action which constitutes ground for dismissal (including disposition of criminal charge against the employee), place the employee on leave of absence without pay. The employee shall be given written notice of the leave of absence without pay which shall state the effective date, the duration of such leave and the reasons why the action is being taken. A report of the leave together with a copy of the notice to the employee shall be forwarded immediately to the Commissioner of Personnel and Administration. If the employee is not dismissed as a result of the investigation he shall be reinstated with full pay retroactive to the starting date of the leave. Such reinstatement, however, shall not preclude other disciplinary action under appropriate regulations. If dismissal results, notice shall be given as provided above."

period between the expiration of the leave and the date of dismissal. In his application to the Superior Court for relief from the arbitrator's decision, the plaintiff alleged that the award was contradictory and also that the arbitrator had exceeded his powers, had miscalculated damages and had violated the plaintiff's constitutional rights. The defendants, the department of consumer protection and the state of Connecticut personnel appeal board, moved to strike the application. Concluding that the award conformed to the submission, the trial court granted the motion.[2] Judgment was rendered for the defendant.

The plaintiff has appealed from the judgment. He claims that the trial court erred (1) in failing to vacate the just cause determination, pursuant to General Statutes § 52-418 (a) (4),[3] because the arbitrator exceeded his powers in finding that the termination of the plaintiff was not rendered ineffective because of the state's failure to reinstate him in July, 1980, and to give him two weeks notice of dismissal; or (2) in failing to modify the award, pursuant to General Statutes § 52-419 (a) (1),[4] because the arbitrator miscalculated

---

[2] The trial court followed the proper procedure for rendering judgment on the motion to strike. See Practice Book § 157. From the content of the trial court's memorandum, however, it is apparent that the trial court viewed the motion to strike as if it were one for summary judgment. Because neither party has objected to the manner of the court's consideration, we will address the plaintiff's claims as presented.

[3] "[General Statutes] Sec. 52-418. VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds . . . (4) . . . the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[4] "[General Statutes] Sec. 52-419. MODIFICATION OR CORRECTION OF AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a

the damages by awarding back pay from the expiration date of the leave instead of from the starting date. We find no error.

We have stated repeatedly that judicial review of arbitration awards is limited in scope because arbitration is a creature of contract and the parties delineate the power of the arbitrator by the terms of the submission. *Carroll* v. *Aetna Casualty & Surety Co.*, 189 Conn. 16, 20, 453 A.2d 1158 (1983); *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 583, 440 A.2d 774 (1981); *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 403, 407 A.2d 1013 (1979). Any challenge to an award on the ground that the arbitrator exceeded his powers is, therefore, properly limited to a comparison of the award with the submission. *Bic Pen Corporation* v. *Local No. 134,* supra, 584; *New Britain* v. *Connecticut State Board of Mediation & Arbitration,* 178 Conn. 557, 562, 424 A.2d 263 (1979); *Waterbury* v. *Waterbury Police Union,* supra, 404; *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 291, 377 A.2d 323 (1977). " 'Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and the award cannot be vacated on the grounds that the construction placed on the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133,

controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there had been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award . . . ."

135, 376 A.2d 1105 [1977].' *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 404, 407 A.2d 1013 (1979)." *Bic Pen Corporation* v. *Local No. 134,* supra, 584. Every reasonable presumption is made in favor of sustaining the award; id., 585; and the burden of demonstrating the nonconformance of the award to the submission is on the party challenging the arbitrator's decision. *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* 174 Conn. 583, 590, 392 A.2d 461 (1978).

There can be no doubt that a determination of just cause and a remedial assessment of back pay were within the authority conferred upon the arbitrator by the issues submitted for arbitration.[5] Since the submission was unrestricted; see *Bic Pen Corporation* v. *Local No. 134,* supra, 581 n.1, 584; *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 680, 427 A.2d 859 (1980); *Waterbury* v. *Waterbury Police Union,* supra, 404; no judicial review of the arbitrator's resolution of legal questions is permissible. Nevertheless, this is precisely what the plaintiff seeks. The first claim of error, that the arbitrator erred in determining the plaintiff was properly terminated, necessarily challenges the arbitrator's interpretation of state regulations. Similarly, although phrased in terms of miscalculation in order to authorize judicial modification pursuant to General Statutes § 52-418 (a) (4), the plaintiff's second claim, that the amount of back pay awarded was

---

[5] The defendants have not raised by cross appeal or otherwise the issue of whether the affirmative answer given by the arbitrator to the first question, "[w]as the dismissal of Dominic Bruno for good cause?" precluded granting relief to the plaintiff for "a procedural violation which violates the just cause standard." We, therefore, have no occasion to discuss whether the arbitrator may have gone beyond the submission by effectively responding to the second question, "[i]f not, what shall the remedy be?" despite the affirmative answer to the first question. The plaintiff, of course, is in no position to challenge such a possible deviation from the submission because he has benefited therefrom.

insufficient, is premised on the arbitrator's erroneous interpretation of state regulations. Because both challenges to the award were outside the permissible scope of judicial review, the trial court was correct in rendering judgment for the defendants.

There is no error.