[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA DUCES TECUM
The issue before the court is whether the court should grant Arbitrator Walsh's motions for protective order and to quash a subpoena duces tecum.
It is found that the court should grant both motions in that depositions and production requests are not permitted in a proceeding to vacate an uninsured motorist arbitration award.
On May 4, 1992, plaintiff National Grange Mutual Insurance filed an application to vacate an uninsured motorist arbitration award in the amount of $525,000.00 issued on April 23, 1992 in favor of defendant Ralph Carloni. Plaintiff claims, in part, that there was "evident partiality or corruption on behalf of the arbitrator as he had direct conversations with the defendant Carloni's counsel regarding the issues of evidence pertinent to the controversy prior to the date of the arbitration." On or about May 19, 1992, plaintiff served a subpoena duces tecum and a notice of deposition upon Attorney Donald G. Walsh, one of the three arbitrators. On May 27, 1992, Arbitrator Walsh filed a motion to quash the subpoena and a motion for protective order relieving him from attending the deposition. On June 1, 1992, the plaintiff filed an objection to both the motion for protective order and the motion to quash. On June 3, 1992, plaintiff filed an amended application to vacate the arbitration award. On June 5, 1992, defendant filed a motion to confirm the arbitration award. On June 8, 1993, defendant filed a memorandum in support of the motions for protective order and to quash the subpoena.
When an uninsured motorist insurance policy provides for arbitration of coverage issues, the arbitration is compulsory pursuant to General Statutes 38a-336. Wilson v. Security Ins. Group, 199 Conn. 618, 626, 509 A.2d 467 (1986). Arbitrators in a compulsory arbitration are bound by the rules of General Statutes52-418. Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646,666, 591 A.2d 101 (1991). General Statutes 52-418(a)(2) provides that the court may vacate an arbitration award "if there has been evident partiality or corruption on the party of any CT Page 8418 arbitrator." "An arbitrator's participation in ex parte communications with a party or witness, without the knowledge or consent of the other party, may constitute misconduct on the part of the arbitrator sufficient to warrant vacation of an arbitration award." Vincent Builders, Inc. v. American Application Systems, Inc., 16 Conn. App. 486, 496, 547 A.2d 1381 (1988) citing G/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, 203 Conn. 133, 146-47, 523 A.2d 1271 (1987). The burden of proving evident partiality rests on the party making the claim. Vincent Builders, Inc., supra, 494-95.
Plaintiff argues in its amended application to vacate and in support of the notice of deposition and production request that there was evident partiality on the part of Arbitrator Walsh in that he had direct conversations with defendant Carloni's counsel on the eve of the arbitration hearing. Plaintiff further argues that the depositions are for evidentiary use to prove plaintiff's case.
General Statutes 52-412 provides in pertinent part that, "[a]ny arbitrator or umpire and any other persons qualified by law to issue subpoenas in civil actions shall have power to issue subpoenas for the attendance of witnesses and for the production of books, papers and other evidence at arbitration hearings." General Statutes 52-412(a) (Emphasis added). Subsection (c) further provides that "[a]ny party to a written agreement for arbitration may make application to the superior court . . . for an order directing the taking of depositions . . . for use in an arbitration." General Statutes 52-412(c) (Emphasis added). It is clear that52-412 expressly applies only to arbitration proceedings and not to applications to vacate an arbitration award. Accordingly, it is found that 52-412 may not be invoked in a proceeding to vacate an arbitration award.
Depositions are also permitted pursuant to General Statutes52-148a(a) in any "civil action or probate proceeding." In the case of Waterbury v. Waterbury Police Union, 176 Conn. 401,407 A.2d 1013 (1979), the court held that applications to vacate arbitration awards are not title 52 "civil action[s]". Waterbury Police Union, supra, 408. The court looked to the language of General Statutes 52-420, which provides that an application to vacate is to "be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay." (Emphasis added.) General Statutes 52-420. It is clear that because General Statutes 148a(a) applies only to civil actions and probate proceedings it may not be invoked in a proceeding to vacate an arbitration award.
It is further found that the scope of review of a compulsory CT Page 8419 arbitration does not call for the use of depositions. The court reviewing a compulsory arbitration conducts a de novo review of the legal bases of the arbitration decision; "review of questions of law includes challenges to arbitral decisions on the grounds of corruption, fraud, undue means or partiality, and inquiry into whether the arbitrators have exceeded their powers or imperfectly executed them." Chmielewski, supra, 664. Factual findings, on the other hand, are subjected to a substantial evidence test. Id., 662. A record of the arbitration proceeding must be made and preserved for review by the court. Id., 663.
It is clear that a review of the facts and the law applied thereto could evidence "evident impartiality" on the part of an arbitrator without the use of deposition testimony. In addition, since review of the arbitrator's means would be de novo, it is noted that the plaintiff may supplement the record already before the court with other available evidence.
Accordingly, it is found that the court should grant both the protective order and the motion to quash to subpoena duces tecum.
So ordered.
William J. McGrath, Judge