[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 19, 1992, the defendants filed an application to vacate an arbitration award. After three days of hearings, the court, on March 23, 1992, denied the defendants' application to vacate, and confirmed the arbitrator's award, which included all cross claims for the arbitration attorney's fees. Thereafter, on July 22, 1992, the plaintiff filed a motion for judgment, accompanied by an affidavit of debt, requesting an award of reasonable attorney's fees, in the amount of 15 percent of the arbitration award, for services rendered during the three days of hearings.
"`[A]bsent contractual or statutory authorization, there can be no recovery, either as costs or damages, for the expenses of litigation or the expenditures for counsel fees by a party from his opponent.'" Gionfriddo v. Avis Rent A CT Page 10627 Car Systems, Inc., 192 Conn. 280, 297, 472 A.2d 306 (1984). According to the affidavit of debt submitted by the plaintiff, "[t]he contract which was the subject of the arbitration had a paragraph numbered 6 had a paragraph [sic] in which the contractor would be entitled to attorney's fees for actions in collecting amounts due, and was a consumer contract." Paragraph six provides:
 If the Owners fail to make any payment required under paragraph 3 of this Agreement . . . Contractor may terminate this Agreement and recover from the Owners the cost of all labor and material furnished to the premises for which there has been no prior compensation, all damages sustained by the Contractor as a consequence of said default, and reasonable attorney's fees incurred in recovering said costs and damages.
As a result, the plaintiff argues that the attorney's fees incurred during the confirmation of the arbitration award are authorized pursuant to General Statutes, Sec. 42-150bb, which provides:
 Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fees of a commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease . . .
(Emphasis added.)
In Waterbury v. Waterbury Police Union, 176 Conn. 401,407 A.2d 1013 (1979), the defendant moved to confirm an arbitration award and requested an award of reasonable attorney's fees pursuant to General Statutes, Sec. 31-72, which provides:
 When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a
to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an CT Page 10628 employee institutes an action to enforce an arbitration award . . . such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . .
(Emphasis added.) Addressing whether the trial court erred in awarding attorney's fees, the court noted "that applications brought to confirm, modify or vacate arbitration awards are special statutory proceedings. (Citation omitted.) It has long been established by the courts of this state that certain statutory proceedings are not `civil actions' within the meaning of title 52 of the General Statutes." (Emphasis added.) Id., 406-7. As a result, the court held "that section 31-72 applies, not to proceedings to confirm, modify or vacate arbitration awards, but only to civil actions which are later brought to enforce orders which have confirmed, modified or vacated an award." Id., 409. Similarly, section 42-150bb authorizes an attorney's fee to the consumer who successfully prosecutes or defends an action or a counterclaim. (Emphasis added.) Accordingly, since an application to confirm, modify or vacate an arbitration award is a special statutory proceeding, and not a civil action, section 42-150bb does not apply.
Therefore, the plaintiff's request for attorney's fees is denied.
West, J.