[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR DEFAULT FOR FAILURE TO APPEAR (#104) AND DEFENDANTS' APPLICATION FOR ORDER TO COMPEL PLAINTIFF TO ACCEPT OR REJECT DEFENDANTS' OFFER OF A COMPROMISE SETTLEMENT AND TO RESCIND COURT'S ORDER TO COMPEL DEFENDANT TO PROCEED WITH APPRAISAL (#105)
On April 21, 1993, defendants suffered a loss by fire at premises insured by plaintiff. On July 22, 1993, in compliance with General Statutes 38a-307, defendants served on plaintiff a Proof of Loss and a compromise of settlement for the value of the CT Page 930 insurance policy. Plaintiff has failed to accept or reject defendants' offer of compromise.
In the insurance policy issued to defendants by plaintiff, there is a provision for the appointment of appraisers in case of damage to or loss of the property insured. Plaintiff has appointed an appraiser for the subject premises. Defendants have not.
On November 9, 1993, the court (Budney, J.) ordered that a hearing be held on plaintiff's application brought under General Statutes 52-410, 411,[1] for an appraiser to be appointed for defendants and to direct the defendants to proceed with an appraisal in compliance with the insurance policy provisions and38a-307 of the Connecticut General Statutes. The order called for the plaintiff to serve the defendants with a summons at least six days prior to the hearing date to appear before the superior court in Middletown on November 29, 1993 at 11:00 a.m. to show cause as to why the application for the appointment of an appraiser should not be granted.
Per court order (Budney, J.), the defendants were summoned to appear before the superior court on November 29, 1993 for a show cause hearing on the issue of appraisal. Said summons was served by a deputy sheriff on the defendants on November 22, 1993. Service on defendants was completed in a timely manner as the papers were served at least 6 days before the hearing on November 29, 1993.
On December 2, 1993, this court (Walsh, J.) entered a finding declaring that the defendant Clintons had failed to appear at the show cause hearing held on November 29, 1993, and that the plaintiff Middlesex Mutual Assurance Company did appear and present evidence on the application to appoint an appraiser. The application was granted and the defendants were ordered, inter alia, to appoint an appraiser of their choice by December 30, 1993.
On November 26, 1993, three days before the scheduled hearing on November 29, defendants filed a motion entitled "Motion for Default for Failure to Appear." By that motion defendants claim that the plaintiff must be defaulted for failure to appear because the plaintiff had not filed their pleading with the court and because the sheriff had not returned service to the court, both alleged to be in violation of General Statutes 52-46a and Practice Book 127 and 128.
Essentially, defendants claim that by virtue of the fact that CT Page 931 the sheriff's return was not made at least six days before the date set for hearing in accordance with General Statutes 52-46a that the plaintiff has not appeared. In fact, General Statutes 52-46a, titled "Return of process" calls for the return of process to be made at least six days before the return day, not to be made at least six days before the hearing date. "Process in civil actions . . . returnable to the superior court . . . [shall be returned] to the clerk of such court at least six days before the return day."
In addition, one of the statutes under which plaintiff filed its application for an appraiser to be appointed. General Statutes52-410, titled "Application for court order to proceed with arbitration," reads in part, "(c) [t]he parties shall be considered as at issue on the allegations of the complaint unless the defendant files answer thereto within five days from the return day . . .".
 Statutory limitations . . . for the return of process implement the speedy determination of the issues involved . . . . Such time limitations on enforcement of a right, created by statute and not existing at common law, [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action . . . . [A]n improperly specified return date affects the court's jurisdiction . . . . [An] incorrect return date should not be viewed lightly. The defect of an improper return day is not a minor defect. Rather . . . an improper return day is a defect which could not be corrected at all until [General Statutes] 52-72 was enacted . . . . [I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed . . . . Until such time as a proper return is made to the court, it lacks jurisdiction to consider the matter. (Internal citations omitted).
Danziger v. Shaknaitis, 33 Conn. App. 6, 10-11, ___ A.2d ___ (1993).
In the present case, there was no designated return date and therefore compliance with the above cited statutes was not possible because of the requirement that a return date serve as a yard stick for proper service and filings with the court. Without proper CT Page 932 statutory compliance with all of the requirements of process in a civil case, including a proper return date, the court is without jurisdiction to consider the matter.
The court recognizes that this application is brought under the arbitration statutes and that arbitration proceedings "are special statutory proceedings . . . . [and that] certain statutory proceedings are not `civil actions' within the meaning of title 52 of the General Statutes." Waterbury v. Waterbury Police Union,176 Conn. 401, 406, 407 A.2d 1013 (1979). However, the court focuses52-410 (c) in holding that the failure to provide a proper return date in compliance with 52-46a subjects this matter to dismissal.
General Statutes 52-410 (c) by its plain language requires that there be a return date. To hold that a return date in this action is not required because the application does not qualify as a "civil case" in nature but rather a "special" proceeding would in effect render 52-410 (c) meaningless and confusing. In order to give a reasonable interpretation of this statute the court must, and does, conclude that a specified return date is required in this case as in "regular" civil cases.
"[General Statutes 52-46a] . . . is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to [dismissal]." Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431,559 A.2d 1110 (1989).
Defendants moved to default plaintiff for failure to appear, however, considering the jurisdictional nature of 52-46a, the court construes defendants' motion as a motion to dismiss. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145. "Whenever a lack of jurisdiction to entertain a particular proceeding comes to the court's notice, the court can dismiss the proceeding upon its own motion." Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989).
Because of plaintiff's failure to comply with 52-46a, this action is dismissed without prejudice and defendants' motion for the court to vacate its order compelling defendants to proceed with arbitration is hereby granted.[2]
CT Page 933
WALSH, JOHN, J.
ENDNOTES