[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO VACATE ARBITRATION AWARD
Plaintiff claims that in their award the arbitrators exceeded their powers or so imperfectly executed them that no mutual, final and definite award was made.
Plaintiffs' main argument is that the grievant's claim for an upgraded reclassification was based on her new duties in regard to the Total Office Support System (TOSS) when TOSS is totally in place and thus her duties are not yet "substantially changed" as is the criteria of Article X of the union contract. The plaintiff admits in its memorandum that TOSS was used in the schools, although not "fully implemented."
The submission is:
 "Whether the East Hartford Board of Education violated Section 10.1 of the current agreement with Local 435 when it rejected the Grievant's request for an upgrade?
If so, what shall the remedy be?"
The award is simply: CT Page 3894
"AWARD
 The Board violated Article 10 of the Contract. The Grievant is to be placed as an OE I and made whole."
The award conforms to the submission.
Plaintiff wants the court to decide whether or not TOSS was ""implemented" enough to be a substantial change in grievant's duties. This is the duty of the arbitrators to decide. Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207,213. Not only are the differences among "fully implemented" "partially implemented" and "hardly implemented" matters for the arbitrators to determine but they are also to decide what use to make of such distinctions. Those are arbitrable matters. In regard to making those decisions they are not bound by "a specific standard of proof." New Haven v. Teamsters Local 559,167 Conn. 315, 320.
Every reasonable presumption is to be made in favor of sustaining the award. Bruno v. Department of Consumer Protection, 190 Conn. 14, 19.
Plaintiff has failed to sustain its burden of proof. id. 19.
The court can find no violation of any public policy.
The court can find no "egregious or patently irrational application of law" by the arbitrators.
The court cannot find that the arbitrators exceeded or imperfectly executed their power.
Application is denied.
N. O'Neill, J.