[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE CROSS APPLICATIONS TO VACATEAND CONFIRM ARBITRATION AWARDS
Plaintiff and defendant signed a collective bargaining agreement (Agreement) for the period April 1, 1991 through March 31, 1995.
Defendant for Fran Bianciforte (Grievant) an employee of plaintiff and a member of the defendant union, filed a grievance for plaintiff's failure to credit Grievant with "earned time" while she was absent on Workers' Compensation. The grievance claimed violation of Sections 12 and 17 of the Agreement. The grievance was filed pursuant to Article 18 of the Agreement.
The matter went to arbitration under the following submission:
ISSUE
Did the MDC violate the collective bargaining agreement when it did not credit the grievant (Fran Bianciforte) for earned time while the grievant was absent on workers' compensation between 5/9/92 and 8/15/92?
If so, what shall the remedy be?
After hearings the arbitration panel of three issued the following award:
AWARD CT Page 7135
The grievance is sustained.
The MDC did violate the collective bargaining agreement when it did not credit the grievant (Fran Bianciforte) for earned time while the grievant was absent on workers' compensation between 5/9/92 and 8/15/92.
The MDC shall forthwith credit the Grievant for earned time in accordance with this decision.
Article 12 of the Agreement reads as follows, in pertinent part:
ARTICLE 12EARNED TIME
12.1 The District agrees to continue the established Earned Day Plan on the basis set forth below:
12.2 For each period of ten (10) work weeks, in which an employee is not absent, other than for an excusable reason listed in Section 12.3 below, employees will be credited with one (1) earned day.
12.3 Earned day credit will not be affected by absence from work for any of the following reasons:
a. Vacation time.
b. Earned days.
 c. Citizenship time as provided in Section 17.1 of this agreement.
 d. Time spent to take military induction physical examination.
 e. Time spent on official Union business as specified in Article 14.
 f. Visits to a doctor on a Workers' Compensation injury.
g. Attendance at conferences, schools and training CT Page 7136 courses, and professional examinations which have been approved by the Director of Personnel.
 h. Time spent as an Official District representative at a funeral.
 i. Absence on a day following a night of "call out" work.
j. Jury Duty.
k. Military Leave.
 l. Bereavement leave used for funeral time in the immediate family.
m. Subpoenaed witness in court.
12.4 Employees may accumulate earned time up to a maximum of seven (7) days.
12.5 The next 10-week cycle will be used to credit the seventh earned day provided the preceding seventh day is used before the 10th week. In the event, at the end of the 10-week cycle, there is more than six (6) days credited, the earned time balance will be brought up to the maximum of seven (7) days.
Article 17 of the Agreement reads as follows, in pertinent part:
17.3 The existing practice of two (2) coffee breaks per day shall continue.
17.6 The District and the Union agree that no deletions, alterations or amendments shall be made in pre-existing employee privileges or benefits, and management rights or benefits, unless expressly provided in this agreement without prior notice.
17.8 The District shall continue to provide all necessary equipment and protective clothing needed for an employee to safely and adequately perform assigned duties. CT Page 7137
Earned time is mentioned in Article 15 and 16 but does not appear of importance to the issues here involved.
Article 21 reads as follows, in pertinent part:
ARTICLE 21DURATION AND RENEWAL
21.1 This agreement contains the full and complete agreement between the parties.
21.3 The agreement may be altered or modified only by the mutual written agreement of the parties hereto.
Law
We start first with the policy of trying to uphold an arbitration award unless there is something wrong with it.Bruno v. Dept. of Consumer Protection, 190 Conn. 14. Next we have the rule that if an arbitration award is in conformance with the submission it should be upheld. American UniversalIns. Co. v. Del Greco, 205 Conn. 178, 186[.] This award is in conformance.
The Agreement is loosely drafted, particularly Articles 12 and 17. Article 12.1 provides for continuance of "the established Earned Day Plan on the basis set forth below," i.e. in 12.2 and 12.3, etc. Article 12.3 says that earned day credit will not be affected by absence from work" for a list of 13 reasons. If those were the only reasons available why would we need Article 12.1? Obviously we would not. Thus the panel might believe it should look at the "established Earned Day Plan."
In Article 17.3 the Agreement says that the "existing practice of two (2) coffee breaks per day shall continue." Why is the recognition of the existence of the break mentioned? Obviously so that a person looking at the matter of breaks might consider their history.
Article 17.6 speaks of "pre-existing employee privileges or benefits."
Article 17.8 says plaintiff "shall continue to provide all necessary equipment and protective clothing." CT Page 7138
These articles all suggest the possibility of considering past practices.
The panel did look at the past history and practices and it examined the "Established . . . Plan" mentioned in Article 12.1. A reasonable reading of the Agreement might permit that. It was based on that history and examination that the panel made its decision. This court cannot find that the panel exceeded its authority or did act improperly in any way. The court can find no violation of C.G.S. § 52-418.
Motion to vacate is denied and motion to confirm is granted.
N. O'Neill, J.