[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO VACATE ARBITRATION AWARD
CT Page 14985-ab
The plaintiff, Susan Mingione, as executrix of the Estate of her husband, Philip Mingione, brought an action in the superior court seeking an order to proceed with binding arbitration with the defendant, TransAmerica Insurance Company. The parties proceeded with binding arbitration before a panel of arbitrators. The following facts are undisputed. The plaintiff's decedent, Philip Mingione, was an auxiliary state trooper with the state of Connecticut. During the course of his employment, the plaintiff's decedent was struck by a motor vehicle and was killed. The motorist who caused the accident fled the scene. The state of Connecticut has an insurance contract with the defendant to insure the state troopers. The plaintiff's decedent was a covered insured under this policy. The insurance policy provides for $1,000,000 of uninsured motorist benefits, of which $900,000 is available.[1] The plaintiff submitted two claims for uninsured motorist benefits to the defendant, one for wrongful death on behalf of the decedent's estate, the other individually for loss of consortium.
As a result of her husband's death, the plaintiff received workers' compensation death benefits pursuant to General Statutes § 31-306. The total workers' compensation benefits both paid and payable to the plaintiff exceed the total amount of benefits available to her under the defendant's uninsured motorist coverage. The parties were unable to come to an agreement on the plaintiff's claims and their dispute was submitted to an arbitration panel. One of the issues in dispute before the panel was whether the defendant was entitled to offset the workers' compensation death benefits received by the plaintiff, from the amount of available uninsured motorist benefits under the policy between the defendant and the state of Connecticut.
The arbitration panel found that the workers' compensation death benefits were paid directly to the plaintiff and did not pass through the decedent's estate. Therefore, the arbitration panel found, the defendant could not offset the uninsured motorist benefits claimed by the decedent's estate by the amount of workers' compensation death benefits received by the plaintiff. The panel then awarded all $900,000 of the available uninsured motorist benefits to the decedent's estate. The panel subsequently stated that because their award exhausted the amount available for uninsured motorist coverage, they did not consider the plaintiff's loss of consortium claim.
The defendant filed an application to vacate the arbitration award, and CT Page 14985-ac the plaintiff filed an application to confirm the arbitration award.
In its application to vacate the arbitration award the defendant asserts that the arbitrators so imperfectly discharged their duties that there has been no final adjudication on the issues. The defendant also argues that the arbitrators construction of the insurance policy was erroneous and that they misapplied the law. In her application to confirm the arbitration award, the plaintiff asserts that the arbitrators correctly determined that the workers' compensation benefits she is entitled to receive as a result of the decedent's death belong solely to her in her individual capacity and not to his estate, and, therefore, that the arbitrators did not err in determining that the defendant was not entitled to a set-off for such benefits from the uninsured motorist benefits payable to the decedent's estate.
The Connecticut Supreme Court has consistently held that
 "[j]udicial review of arbitral decisions is narrowly confined. When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent or our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of the arbitration awards in a manner designed to minimize interference with an efficient and economical systems of alternate disputes resolution." (Citations omitted; internal quotation marks omitted.) Stratford v. Intenational Assn. of Firefighters, AFL-CIO, Local 998, 248 Conn. 108, 114-115, 728 A.2d 1063 (1999).
Every reasonable presumption is to be made in favor of sustaining the award. Bruno v. Dept. of Consumer Protection, 190 Conn. 14, 19,458 A.2d 685 (1983). Consequently, the burden of demonstrating the nonconformance of the award to the submission is on the party challenging the arbitrator's decision. Id. Arbitration is a creature of contract. Therefore, it is the parties, and the court cannot substitute its own judgment merely because its interpretation of the agreement or contract at issue might differ from that of the arbitrator. Stratford v.International Assn. of Firefighters, AFL-CIO, Local 998, supra, CT Page 14985-ad248 Conn. 116.
In determining whether a submission is unrestricted, the courts look at the authority given to the arbitrator. The authority of the arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. Garrity v. McCasky,223 Conn. 1, 5, 612 A.2d 742 (1992). In the absence of any such qualifications, an agreement is unrestricted. Id. Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Stratford v. InternationalAssn. of Firefighters, AFL-CIO, Local 998, supra, 248 Conn. 115. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. Id.
In the present case, the arbitration clause in the insurance contract provides as follows:
 "If we and an `insured' disagree whether the `insured' is legally entitled to recover damages from the owner or driver of an `uninsured motor vehicle' or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. . . . A decision agreed to by two of the arbitrators will be binding."[2]
The parties' submission to the arbitrators, therefore, was unrestricted; the arbitrators were to decide whether the "insured" was legally entitled to the uninsured motorist benefits.
The arbitrators determined that the decedent's estate was entitled to receive the full amount of the available uninsured motorist benefits, $900,000, because the workers' compensation benefits the plaintiff was entitled to recover did not pass through the estate, but instead belonged solely to the plaintiff in her individual capacity. Hence, the arbitrators determined that the insurance company was not entitled to a set-off because the estate did not receive the workers' compensation benefits. This finding by the arbitration panel is squarely within the submission, and, therefore, should not be reviewed de novo by this court unless an exception applies. CT Page 14985-ae
The long-standing principles governing consensual arbitration are subject to certain exceptions. Although the court has traditionally afforded considerable deference to the decisions of arbitrators, the court has also conducted a more searching review of arbitral awards in certain circumstances. Schoonmaker v. Cummings Lockwood ofConnecticut, P.C., 252 Conn. 416, 427-28, 747 A.2d 1017 (2000). Even in the case of an unrestricted submission the Supreme Court has recognized three grounds for vacating an award:
 "(1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." Stratford v. International Assn. of Firefighters, AFL-CIO, Local 998,
supra, 248 Conn. 116.
The first two exceptions do not apply in the present case. The question, therefore, is whether the award violated General Statutes § 52-418.
General Statutes § 52-418 (a) provides in pertinent part:
 "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
An award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418
(a)(4) because the arbitrator has exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Saturn Construction Co. v. Premier RoofingCo., 238 Conn. 293, 304, 680 A.2d 1274 (1996). The court emphasizes, however, that the "manifest disregard of the law" ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles. Id. The Supreme Court has adopted a test for determining whether an award should be vacated on this ground. According to Saturn,
the test consists of the following three elements:
 "(1) the error was so obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration CT Page 14985-af panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." Id., 305.
All the foregoing grounds must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law. Id.
In the present case, the arbitrators found that the workers' compensation death benefits paid to the plaintiff pursuant to General Statutes § 31-306 belonged solely to her. While the Supreme Court has held that "a surviving dependant's compensation rights under § 31-306
flow directly from the work-related injury or disease suffered by the employee;" Duni v. United Technologies Corp./Pratt Whitney AircraftDivision, 239 Conn. 19, 26, 682 A.2d 99 (1996); the Supreme Court has also held that "it is apparent that the dependant of an injured employee who dies as a result of work-related injuries has certain compensation rights that exist independent of the employee's rights. . . ." Id., 26, n. 8. The precise legal question at issue in the present case has not yet been decided by the courts in this state. Therefore, it cannot be said that, in their decision in this case, the arbitrators exhibited an extraordinary lack of fidelity to an established legal principle. Accordingly, the defendant has failed to carry its burden in proving that the arbitrators violated any part of General Statutes § 52-418, and, hence, the application to vacate the arbitration award must be denied.
Accordingly, the defendant's application to vacate the arbitration award is hereby denied the plaintiff's application to confirm the arbitration award is hereby granted.
MELVILLE, J.