McCLOSKEY AND COMPANY, INC. *v.* AMERICAN ARBITRATION ASSOCIATION ET AL.

LOISELLE, BOGDANSKI, LONGO, SIDOR and RUBINOW, Js.

Argued May 3—decision released July 25, 1978

*Bourke G. Spellacy,* with whom were *Elizabeth R. Collins* and, on the brief, *Thomas J. Shortell,* for the appellant (defendant C. N. Flagg and Company, Inc.).

*Louis B. Blumenfeld,* with whom was *Vincent M. DeAngelo,* for the appellee (plaintiff).

PER CURIAM.  This is an appeal by the defendant subcontractor, C. N. Flagg and Company, Inc., from a judgment for the plaintiff, McCloskey and Com-

pany, Inc., general contractor for an addition to the corporate headquarters of the Aetna Life Insurance Company in Hartford. Pursuant to a written agreement, the parties had submitted a controversy between them to arbitration under General Statutes § 52-408. The arbitrators decided to resolve the so-called liability issue first. When that award was made, this action was started, seeking an injunction against further arbitration proceedings. The trial court issued a restraining order against proceeding on the question of damages, on the ground that the finding on liability was based on considerations not permitted by the submission.

In an earlier case, *Gaer Bros., Inc.* v. *Mott,* 144 Conn. 303, 309, 130 A.2d 804, we approved the intervention of the court in arbitration proceedings by invoking the equitable powers of the court. We concluded that fraud and partiality vitiate an award under our statutes as well as under the common law. In that case this court stated (p. 309): "If courts can set aside an award for the partiality and collusion of arbitrators, they should have the power to interrupt proceedings when, in a plenary action before an award, one of the parties can prove partiality and collusion in the arbitration proceedings." It was determined that there was no adequate remedy at law, and that, therefore, invoking the equitable powers of the court was an appropriate remedy. See *Two Sisters, Inc.* v. *Gosch & Co.,* 171 Conn. 493, 500, 370 A.2d 1020.

In this case there is no claim of fraud or partiality. Proof of the arbitrators' fraud and partiality, existing before the arbitration proceedings began, would constitute grounds for avoiding the agreement to submit the controversy to those arbi-

trators and, hence, grounds for an equitable decree to prevent those arbitrators from proceeding with the arbitration. On the other hand, proof that the arbitrators had made a mistake during the arbitration hearing would not be grounds for avoiding the agreement to submit the controversy to those arbitrators, and hence, not grounds for an equitable decree to prevent those arbitrators from proceeding with the arbitration. Under these circumstances, where the only claim of error is that the arbitrators made a mistake, no grounds exist for invoking the equitable powers of the court. Because of the policy favoring arbitration, only unusual circumstances justify judicial action to prevent arbitration proceedings from taking the course agreed upon by the parties, and those circumstances are not present in this case.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant C. N. Flagg and Company, Inc.