WATERBURY CONSTRUCTION COMPANY, INC. *v.* BOARD
OF EDUCATION OF THE TOWN OF LITCHFIELD
(10876)

PETERS, PARSKEY, SHEA, GRILLO and DALY, Js.

Argued January 4—decision released March 22, 1983

*William J. Kupinse, Jr.,* for the appellant (plaintiff).

*William C. Franklin,* with whom was *Perley H. Grimes, Jr.,* for the appellee (defendant).

SHEA, J. The plaintiff construction company brought an action to correct or to vacate an arbitration award made in a dispute with the defendant board of education over a contract for additions and alterations upon the Litchfield High School

in Litchfield. The defendant filed a cross application seeking to confirm the award. The trial court rendered judgment for the defendant. The plaintiff has appealed claiming that the award should have been vacated because the arbitrators (1) rendered a decision upon an issue not within the scope of the submission and (2) failed to decide certain matters which were included in the submission. We have concluded that the award was deficient in both these respects and that the trial court erred in confirming the award. The case must be remanded for further proceedings, not to vacate, but to correct the award.

The construction contract contained provisions requiring arbitration of "[a]ll claims, disputes and other matters in question arising out of, or relating to this Contract or the breach thereof," except for certain specified exclusions. Both the plaintiff and the defendant submitted to the arbitration board detailed lists of claims and counterclaims pertaining to the performance of the work. On December 15, 1980, the arbitrators awarded the plaintiff $164,004.01 for its claims and awarded the defendant $107,628.66 for its counterclaims, resulting in a net award to the plaintiff of $56,375.35. Attached to the award was a "memorandum of opinion" setting forth, by reference to each paragraph or subparagraph of the lists of claims and counterclaims, the amount allowed for each item submitted. Totals of these amounts are given, but the total for the items submitted by the plaintiff was $20,922.22, plus interest of $10,250, rather than $164,004.01 as stated in the award. This discrepancy is explained in the portion of the memorandum headed "computations," where it appears that $132,831.79 due the plaintiff upon a requisition was added to the

$20,922.22 allowed for its contract claims and the $10,250 for interest, to make the total $164,004.01.[1]

In the complaint the plaintiff alleged that the requisition referred to in the memorandum gave credits to the defendant for certain items allowed to the defendant upon its counterclaims, thus duplicating the amounts credited for such items. The trial court refused to decide this contention and excluded the requisition from evidence, concluding that it would have to hear all of the evidence presented to the arbitrators and retry the case in order to determine whether there was any such duplication.

The plaintiff maintains that in determining the amount owed to it under the requisition, an issue which was not included in the submission, the arbitrators "exceeded their powers" as provided in General Statutes § 52-418[2] and that the award

[1] "COMPUTATIONS

$132,831.79 due Claimant per Req. #20
  20,922.22 awarded Claimant
  10,250.00 interest awarded Claimant 3/10/78 - 12/20/80

$164,004.01 due Claimant
 107,628.66 awarded Respondent

$ 56,375.35 due Claimant from Respondent"

[2] "[General Statutes] Sec. 52-418. VACATING AWARD. In any of the following cases the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration: (a) If the award has been procured by corruption, fraud or undue means; (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the

should accordingly be vacated. The defendant does not maintain that this issue was within the submission, but contends that in reviewing an arbitration award a court ought not to look beyond the award itself to the accompanying memorandum of the arbitrators.

"It is true that the award rather than the finding and conclusions of fact controls and, ordinarily, the memorandum of an arbitrator is irrelevant." *International Union* v. *Fafnir Bearing Co.*, 151 Conn. 650, 654, 201 A.2d 656 (1964). The memorandum, however, may be examined in determining whether an arbitrator has exceeded his authority by making an award beyond the scope of the submission. *Board of Education* v. *Bridgeport Education Assn.*, 173 Conn. 287, 292, 377 A.2d 323 (1977). It is clear from our examination of the memorandum that the award of $164,004.01 on the claims of the plaintiff included $132,831.79 due upon a requisition concerning which no issue had been submitted to the arbitration panel. The statement of the plaintiff's claims was in the form of a list of specific items and included no reference to the requisition or to the balance due on the contract. The counterclaims of the defendant were stated similarly. It cannot be questioned that the award exceeded the scope of the submission.

General Statutes § 52-419[3] provides that the court may modify or correct an award "if the arbi-

arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

[3] "[General Statutes] Sec. 52-419. CORRECTION OF AWARD. For any of the following causes the superior court for the judicial district in which one of the parties resides or, in a controversy concerning

trators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted . . . ." "The use of the word 'unless' in this portion of the statute is confusing, but obviously the intendment of the enactment is that the court may strike out such portion of an award as is not responsive to the submission if, by so doing, the merits of the portion of the award which is within the submission are not affected." *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 614, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955). This appeal presents a situation where the decision of the arbitrators on the claims and counterclaims submitted is independent of the amount included in the award for the balance due on the requisition, an issue not submitted. The elimination of that portion of the award does not affect the amounts awarded for either the plaintiff's claims or the defendant's counterclaims, but leaves the parties precisely where they would have been if the amount due on the requisition had not been included in the award. This correction may be made by subtracting from the award of $164,004.01 made for the claims of the plaintiff the amount of $132,831.79 included for the requisition.

land, for the judicial district in which the land is situated, or, when said court is not in session, any judge thereof, shall make an order modifying or correcting the award upon the application of any party to the arbitration: (a) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (b) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; (c) if the award is imperfect in matter of form not affecting the merits of the controversy. The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

The second ground for attacking the award, the failure of the arbitrators to decide some issues which were submitted, is based upon the following notation made in the memorandum concerning some of the claims in the plaintiff's list: "Not in dispute, owner agrees to pay." No allowance was included in the award for any items so designated. The trial court concluded that this notation indicated that the particular claim had been withdrawn from arbitration. We do not believe the language used is capable of such a construction. The fact that the defendant had agreed to pay the particular claim does not mean that the plaintiff had withdrawn it and was content to rely upon a promise of payment rather than an award which could be converted into a judgment. There is nothing in the record to indicate that the plaintiff ever withdrew the items from arbitration nor does the defendant contend that such claims were actually withdrawn. The arbitrators used the designation "withdrawn" with respect to some of the counterclaims of the defendant, a circumstance indicating something else was intended by the phrase in question.

It appears that the total amount of the items marked as undisputed and to be paid by the owner is $3804.92, as the parties have agreed. General Statutes § 52-419 authorizes modification or correction "if the award is imperfect in matter of form not affecting the merits of the controversy" and also "[i]f there has been an evident material miscalculation of figures . . . ." We construe these provisions to permit correction of the award by adding the sum of $3804.92, the agreed total of the undisputed but unpaid items, which the arbitrators neglected to include in the amount allowed for the plaintiff's claims.

The addition of $3804.92 for those items and the subtraction of $132,831.79 included by the arbitrators erroneously for the requisition results in a revision of the total amount awarded for the plaintiff's claims from $164,004.01 to $34,977.14. The amount awarded for the defendant's counterclaims, which is unchallenged, remains $107,628.66. The revisions result in a corrected net award of $72,651.52 to the defendant.

There is error, the judgment confirming the award is vacated and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.