[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: HEARING FOR DECLARATORY JUDGMENT ANDPERMANENT INJUNCTION
This is a declaratory judgment action where the plaintiff, Cristwood Contracting, Inc. (Cristwood), asks the court to determine whether a counterclaim, filed in an arbitration proceeding by the defendant, Bridgeport Community Health Center, Inc. (BCHC), is arbitrable. The plaintiff claims that the defendant's arbitration counterclaim is not arbitrable because: (1) the defendant has failed to comply with the contractual conditions precedent to bring the arbitration counterclaim; and, (2) the counterclaim seeks breach of contract damages, which the plaintiff argues are not recoverable where the defendant has rescinded the parties' construction contract.
 I.
Cristwood and BCHC entered into a contract for the construction and renovations of the BCHC offices in Bridgeport. See Joint Stipulation of Facts (Stipulation), ¶ 1.[1] On or about October 7, 1993, BCHC terminated the contract for convenience pursuant to Article 14.4 of the Contract Supplementary Conditions, a section entitled "Termination by the Owner for Convenience." Id., ¶ 2. A dispute between the parties arose concerning the outstanding sums owed to Cristwood under Article 14.1.2. Id., ¶ 6. Therefore, on January 21, 1994, Cristwood demanded arbitration for a determination of the CT Page 5938 sums due. Id.
On May 10, 1994, after an arbitrator was chosen by the parties and a date of May 25, 1994 was set as the first day of arbitration proceedings, BCHC requested permission of the arbitrator to file a counterclaim in the amount of $238,447.48 for damages "directly attributable to the failure of Cristwood to perform its duties under the contract in a workmanlike manner." Id., ¶ 7. Cristwood immediately informed the arbitrator that it objected to BCHC's request and on May 25, 1994, submitted a memorandum of law to the arbitrator addressing the arbitrability of the BCHC's counterclaim. See id., ¶¶ 8 and 9 (paragraph 9 references the parties' memoranda of law that they submitted to the arbitrator); Plaintiff's Exh. I (transcript of May 25, 1994 hearing before the arbitrator). BCHC also submitted a memorandum of law to the arbitrator on the issue of arbitrability. Stipulation, ¶ 9. The May 25, 1994 hearing before the arbitrator clearly demonstrates that the parties submitted the issue of the counterclaim's arbitrability to the arbitrator. Plaintiff's Exh. I.
The arbitrator issued his decision on June 27, 1994, and decided that the counterclaim should be allowed. Id., ¶ 10. Cristwood has since refused to arbitrate the counterclaim and continues to object to the arbitration of the counterclaim. Cristwood therefore filed the present declaratory judgment action seeking, inter alia, a declaration by this court that BCHC's counterclaim is not arbitrable.
 II.
By this action, the plaintiff is essentially attempting to appeal an interlocutory order of the arbitrator. This court is of the opinion, however, that using the declaratory judgment action as an appellate procedure is inappropriate and the plaintiff must await the arbitrator's final decision. See Practice Book § 390 ("The court will not render declaratory judgments upon the complaint of any person: . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure . . . ."); see also Larke v.Morrissey, 155 Conn. 163, 167, 230 A.2d 562 (1967) (our courts have wide discretion in determining whether the parties should be left to seek redress by some other form of procedure other than by declaratory judgment action). CT Page 5939
It is true, as Cristwood argues, that "a person can be compelled to arbitrate a dispute only if, and to the extent that, and the manner in which, he has agreed so to do." (Internal quotation marks omitted.) White v. Kampner, 229 Conn. 465, 471,641 A.2d 1381 (1994). Furthermore, "[w]hether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also." (Internal quotation marks omitted.) Id., 472;Weitz Co. v. Shoreline Care Ltd. Partnership, 39 Conn. App. 641,644, 666 A.2d 835 (1995).
What Cristwood has overlooked, however, is that where the question of arbitrability is a question for the court, case law reveals that there are two procedural routes that a person may travel to ensure that the court decides the question. A person "in arbitration who desires to question the arbitrability of a particular dispute may refuse to submit to arbitration and may instead compel judicial determination of the issue of arbitrability. United Steelworkers of America v. Warrior GulfNavigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409;Frager v. Pennsylvania General Ins. Co., 155 Conn. 270, 274,231 A.2d 531. In such cases, a court will interpret the terms of the parties' agreement to determine whether the dispute in question is one which the agreement of the parties requires them to submit to arbitration. United Steelworkers of America v. American Mfg.Co., 363 U.S. 564, 567-68, 80 S.Ct. 1343, 4 L.Ed.2d 1403. Alternatively, threshold questions of arbitrability may properly be committed to the arbitrators themselves for determination under the terms of the contract, along with the merits of the underlying dispute. United Steelworkers of America, AFL-CIO v.United States Gypsum Co., 492 F.2d 713 (5th Cir.); Gorman, Labor Law (1976 Ed.) c. 25 § 2. In such cases a court, on a motion to vacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration. Waterbury Board, of Education v.Waterbury Teachers Assn., 168 Conn. 54, 63, 357 A.2d 466; Costello Construction Corporation v. Teamsters Local 559,167 Conn. 315, 318, 355 A.2d 279." New Britain v. Conn. St. Bd. ofMediation Arbitration, 178 Conn. 557, 560, 424 A.2d 263 (1979);White v. Kampner, supra, 229 Conn. 476.
In the present case, Cristwood selected the latter of the two procedural routes. Cristwood objected to the arbitrability of the counterclaim, submitted a brief on the issue to the arbitrator and permitted the arbitrator to make the initial determination of CT Page 5940 arbitrability. Significantly, Cristwood did not object to the arbitrator making the initial determination, even though the arbitrator made it abundantly clear that he would recess the arbitration proceedings to consider and decide the issue.
Under these circumstances, Cristwood can continue to maintain its objection to the counterclaim's arbitrability and thereby preserve the question for a later challenge, if needed, on a motion to vacate the arbitration award; White v. Kampner, supra,229 Conn. 469 (parties submitted the issue to the arbitrator, but only in the context of an objection to the entire proceeding before evidence began); or, upon a motion to correct or modify the award. See Waterbury Construction Co. v. Board of Education,189 Conn. 560, 563-64, 457 A.2d 310 (1983) (where, upon a motion to correct and/or modify, the court can eliminate independent claims that were not submitted to the arbitrator).
"Because of the policy favoring arbitration, only unusual circumstances justify judicial action to prevent arbitration proceedings from taking the course agreed upon by the parties." See McCloskey Co. v. American Arbitration Assn., 175 Conn. 475,477, 400 A.2d 274 (1978). If the arbitrator's finding that the counterclaim is arbitrable is erroneous as a matter of law, the plaintiff can move to correct that portion of the final arbitration award that relates to the counterclaim. See Local 63,Textile Workers Union v. Cheney Bros., 141 Conn. 606, 614,109 A.2d 240 (1954) (where the court stated that "if part of an award is within the submission and part of it is not, the former may be sustained and the latter rejected if the two can be separated without doing an injustice"). Thus, there are no circumstances that justify the court interfering with the arbitration course the parties selected, and since Cristwood opted to submit the issue to the arbitrator, the court concludes that it would be an improper interference with the arbitration process to entertain the declaratory judgment action at this juncture.
 III.
In conclusion, the court finds that the parties submitted the question of the counterclaim's arbitrability to the arbitrator for his initial determination. The plaintiff's continuing objection to the arbitrability of the counterclaim preserves the right to challenge the issue of arbitrability, if needed, on a motion to vacate, correct and/or modify, not by way of a declaratory judgment action. Accordingly, the court dismisses the CT Page 5941 declaratory judgment action and notes that this decision shall not prejudice the plaintiff if it needs to challenge the final arbitration award by subsequent motion.
JOHN W. MORAN, JUDGE