[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, State of Connecticut, Department of Public Works, brings this action to enjoin defendants, ECAP Construction Company and American Arbitration Association, from proceeding to arbitrate one of the several claims ECAP has against the State arising out of a state construction project. The action was initiated by an order to show cause why a temporary injunction should not be granted, and the parties agreed to a trial on the issue of a permanent injunction.
The facts are as follows: On March 11, 1994 the State Department of Public Works (hereinafter DPW) awarded to ECAP Construction Company (hereinafter ECAP) the prime contract to do specified concrete work on the University of Connecticut School of Law library in Hartford. After the work was completed in April 1996, ECAP notified DPW of its claim for additional monies due it because of delays in work caused by DPW and its general contractor, changes in work orders and schedules, and an unpaid balance of the contract price. The parties initiated informal discussions to settle the claims. A December 1995 meeting proved fruitless, but in a January 1996 meeting, at which were present P. J. Delahanty, deputy commissioner of DPW, Richard Piotrowski, bureau chief of facilities design and construction and others for the State, and Lawrence Pace, president of ECAP, and Stephen Coutras, ECAP's project manager, the sum of $425,000 was mentioned as a settlement amount.
The testimony of the participants to that discussion differ. Pace testified Piotrowski made a firm and final settlement offer CT Page 8348 of $425,000. Pace asked Piotrowski when payment would be made and Piotrowski said within eight weeks. Pace said he would have to discuss the offer with his brother, a principal of ECAP and he would get back to Piotrowski. The following Monday Pace called Piotrowski and accepted the offer. His testimony is corroborated by Coutras.
Piotrowski testified he made a tentative offer of $425,000, but it was subject to the approval of the commissioner of DPW and of the Attorney General's office, as required by C.G.S. § 3-7. The latter did not approve the offer and in a meeting in February 1996, at which Pace was present, Piotrowski testified he stated no agreement had been reached. All participants acknowledge the settlement agreement was not put into writing.
ECAP then proceeded, pursuant to § 4-61 (b) to submit a demand for arbitration of its claim. Its demand, dated February 18, 1997, sets forth the facts relating to ECAP being awarded the contract for the concrete work on the law school library; Gilbane Building Company being appointed construction manager for DPW; delays in ECAP performing because of interference and mismanagement by Gilbane and DPW, and repeated change orders, resulting in ECAP incurring additional expenses and loss of profits; and an unpaid balance of the contract price. The total of all ECAP's claims came to $1,870,169.83.
The State stipulated at the start of the trial that this demand for arbitration conformed to all the requirements of §4-61 (b) and that it may proceed to arbitration before the American Arbitration Association.
In October, 1997 ECAP submitted an amended demand for arbitration, identifying an additional issue in dispute as "failure to pay settlement, as agreed." More specifically its amended demand stated, "DPW offered ECAP $425,000 as full payment of ECAP's claim. ECAP accepted the offer. DPW refused to pay ECAP as agreed. Said refusal to pay ECAP as agreed was a breach of agreement to settle ECAP's claim and accord without satisfaction."
ECAP further claimed DPW acted in bad faith and with reckless indifference and wanton and intentional violation of ECAP's rights, for which it seeks punitive damages and attorney's fees.
It is as to this additional demand that the State seeks an CT Page 8349 injunction prohibiting arbitration of it.
The court is guided by the policy favoring arbitration and "only unusual circumstances justify judicial action to present arbitration from proceeding. . . ." McCoskey Co. v. AmericanArbitration Association, 175 Conn. 475, 477 (1978).
However, a countervailing principle is that the doctrine of sovereign immunity precludes the State being sued without its consent. The apposite statute authorizing a person in the position of ECAP to bring an action against the State is C.G.S. § 4-61 (a), and to demand arbitration of its claim is §4-61 (b).
Section 4-61 (a) provides:
 Any person, firm or corporation which has entered into a contract with the State, acting through any of its departments, commissions or other agencies, for the . . . construction . . . of any . . . building . . . of the State may, in the event of any disputed claims under such contract . . . bring an action against the State to the judicial district of Hartford for the purpose of having such claims determined, provided notice of such claim under such contract and the factual basis for such claim made have been given in writing to the agency head of the department administering the contract . . .
Section 4-61 (b) provides that, as an alternative to legal action, a firm which has contracted with the State for the construction of a state building may submit a demand for arbitration of such claim under the rules of the American Arbitration Association.
It is well recognized in our law that statutes, such as §4-61, being in derogation of sovereignty "should be strictly construed in favor of the State so that its sovereignty may be upheld and not narrowed or destroyed." Berger, Lehman Associates,Inc. v. State, 178 Conn. 352, 356 (1979); White v. Burns,213 Conn. 307, 312 (1990).
1. The State argues that the evidence in the cases establishes that no agreement to settle was ever reached between the State and ECAP and therefor there was no contract on the basis of which to evoke § 4-61. This argument has no merit.
Section 4-61 provides that a firm which has a contract with CT Page 8350 the State for the construction of a building has a right to either sue the State in court or to demand arbitration. Clearly, here the State and ECAP contracted for the concrete work for the University of Connecticut Law School library so § 4-61 is properly invoked.
ECAP asserts an agreement to settle its claims and it is disputed by the State. That is the disputed claim submitted to arbitration. The issue of whether or not such an agreement was reached and whether it has been breached is one not to be decided by this court but to be decided through arbitration.
2. The State argues that the agreement to settle is not a contract for the construction of a building and so does not come within the provisions of § 4-61. Again the State misconstrues the statute. The construction contract between the State and ECAP calls into play § 4-61. The purported agreement to settle is the disputed claim subject to arbitration.
3. The State argues if the purported agreement to settle is a disputed claim, it is not one "under" the construction contract. But if the State concedes that all of ECAP's construction claims for damage, amounting to $1,870,169, are arbitratable under the statute, how can it seriously assert that an agreement to settle those claims, or any of them, is not similarly arbitratable. The State tries to make a distinction between "under" the construction contract and "related to", "derived from" or "based upon" the contract. That is semantic sophistry. Section 4-61 is to be strictly construed, but not so as to distort the ordinary meaning of simple words in the statute. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity." Pesino v. Atlantic Bank of New York,244 Conn. 85, 92 (1998).
4. The State argues that ECAP's arbitration demand, to the extent that it claim's the State's bad faith and wanton and intentional violation of ECAP's rights, is a tort claim not authorized by § 4-61. However, the plain wording of the statute provides for the arbitration of "any disputed claims under . . . the contract" without limitation as to whether such claims sound in contract or tort. In George Campbell PaintingCorp. v. State of Connecticut, No. CV 95-0470648S, 17 CONN. L. RPTR. 145, Superior Court, Hartford-New Britain J.D., May 3, 1996 (Arena, J.), the court allowed tort claims to be brought against the State under § 4-61, as long as they had a nexus to the construction CT Page 8351 contract. To the same effect is Leone Construction Company, Inc.v. State of Connecticut, 6 CONN. L. RPTR. 26, 7 CSCR 297, (Walsh, J.,) (1992). Here ECAP's claim of breach of the settlement agreement has a connection with the contract.
Morever, when the statute permits arbitration in such broad language, the issue of what disputes are arbitratable should be left to the arbitration panel. Turner Construction Co. v.Eppoliti, Inc., 28 Conn. App. 139, 142-43 (1992); Gores v.Rosenthal, 150 Conn. 545, 557 (1963).
5. Finally the State argues ECAP has failed to allege in its demand for arbitration the factual basis for its claims of breach of settlement agreement, that notice was given to the agency head and given within two years of completion of the work, as required by § 4-61. This court finds ECAP's demand does adequately state the factual basis for its claim for breach of the settlement agreement, the State stipulated the demand was served on the commissioner of DPW, and the demand was made within the statutory period.
Since the State has failed to prove a violation of § 4-61, it is not relieved of the obligation to prove irreparable harm as a grounds for an injunction. Conservation Commission v.Price, 193 Conn. 414, 429 (1984). If the State must arbitrate all ECAP's claims for additional expenses and lost profits resulting from delays caused by the State and its general contractor, it is hard to perceive any significant burden imposed upon by the State to arbitrate ECAP's demand based on breach of an agreement to settle those claims.
Thus, this court concludes the State has tailed to establish its right to an injunction in this case, and judgement may accordingly enter for the defendents.
SATTER, J.T.R.