HOUSING AUTHORITY OF THE CITY OF STAMFORD
*v.* LOCAL 1303-260, COUNCIL 4, AFSCME
(AC 18276)

Lavery, Landau and Hennessy, Js.

Argued December 14, 1999—officially released March 7, 2000

*J. William Gagne, Jr.*, with whom, on the brief, was *Jason W. Cohen*, for the appellant (defendant).

*Eric M. Higgins*, for the appellee (plaintiff).

*Opinion*

LAVERY, J. The defendant, Local 1303-260, Council 4, AFSCME (union), appeals from the judgment of the trial court vacating, in part, an arbitration award rendered by the state board of mediation and arbitration (board). The union claims that the court improperly (1) vacated a portion of the award, pursuant to General Statutes § 52-418 (a) (4),[1] because it lacked authority to do so and (2) denied the union's motion to remand the matter in violation of General Statutes (Rev. to 1995) § 52-418 (b).[2] We affirm the judgment of the trial court.

---

[1] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[2] General Statutes (Rev. to 1995) § 52-418 (b) provides: "If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

The following facts are relevant to this appeal. The plaintiff, housing authority of the city of Stamford (housing authority), owns and operates state and federally subsidized public housing in Stamford. The union represents the housing authority employees, including Edith Cabello. The housing authority and the union entered into a collective bargaining agreement, which provides that if the parties cannot resolve grievances informally they shall submit them to the board.

In 1991, the housing authority hired Cabello to work as an admissions clerk and subsequently as a clerk typist I and clerk typist II. Sometime prior to August, 1995, the housing authority, faced with federal budget reductions, reorganized its workforce, which eliminated Cabello's position. Because she no longer had a job, Cabello applied for one of two positions, work order dispatcher (dispatcher) or clerk typist II (typist). The housing authority interviewed, tested and evaluated the candidates for both positions but did not offer Cabello either position. Cabello filed a grievance with the union on August 2, 1995, claiming that the housing authority wrongfully refused to offer her a job. Because the parties were not able to resolve the grievance informally, the matter was submitted to the board.

Prior to the hearing the board held on December 13, 1996, the union withdrew that portion of the grievance contesting the housing authority's failure to give Cabello the typist position. The submission for arbitration was: "Did the Stamford Housing Authority violate the collective bargaining agreement when it failed to promote . . . Cabello to the position of work order [dispatcher]? If so, what shall the remedy be?" Neither party addressed or briefed the claim concerning the typist position. On May 13, 1997, the board rendered its decision, concluding that the housing authority had not discriminated against Cabello with respect to the dispatcher position. The board, however, ruled that the

housing authority had deprived Cabello of certain rights she had with respect to the typist position and ordered that she be offered that or a comparable position with back pay and benefits comparable to those of the typist position.

The parties agreed that the board's award exceeded the scope of the submission. The housing authority filed an application to correct or modify the award, pursuant to General Statutes § 52-419,[3] or in the alternative to vacate the arbitration award, pursuant to § 52-418. The housing authority claimed that by referring to the typist position, the board's award was outside the scope of the submission and that the board exceeded its powers or so imperfectly executed them that a mutual and definite award was not made. See General Statutes § 52-418 (a) (4). The housing authority asked the court, pursuant to § 52-419 (a) (2), to modify or correct those portions of the discussion section of the board's written decision that referred to the typist position and the section of the document entitled "award" by striking them. In the alternative, the housing authority argued that the award should be vacated pursuant to § 52-418 (a).

The union thereafter filed a motion asking the court to remand the matter. The union sought to have the matter sent back so the board could issue an award within the scope of the submission. In its memorandum of law in support of its opposition to the housing authority's application, however, the union sought to have the

---

[3] General Statutes § 52-419 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order modifying or correcting the award if it finds any of the following defects . . . (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy."

court delete the reference to the typist position in the board's written decision and substitute the dispatcher position. The housing authority filed a motion to dismiss as untimely the union's motion to remand.[4] The court rendered its decision on March 17, 1998, vacating the award with respect to the typist position, pursuant to § 52-418 (a) (4). The union appealed.

"Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) *International Assn. of Fire Fighters, Local 1339, AFL-CIO* v. *Waterbury*, 35 Conn. App. 775, 778, 647 A.2d 361 (1994). "Arbitration is a creature of contract between the parties and its autonomy requires a minimum of judicial intrusion. . . . The parties themselves, by the agreement of the submission, define the powers of the arbitrator. . . . The submission constitutes the charter of the entire arbitration proceedings and defines and limits the issues to be decided. . . . When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits. . . . An application to vacate or correct an award should be granted when an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission." (Internal quotation marks omitted.) *Hartford* v. *International Assn. of Firefighters, Local 760*, 49 Conn. App. 805, 811–12, 717 A.2d 258, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998).

---

[4] The court did not address the timeliness issue with respect to the union's motion because it resolved the matter pursuant to the housing authority's application.

"Even in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Citations omitted.) *Garrity* v. *McCaskey*, 223 Conn. 1, 6, 612 A.2d 742 (1992). The question presented to this court requires us to construe a statute, which is a question of law. *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396, 655 A.2d 759 (1995).

I

The union first claims that the court improperly vacated a portion of the board's award because it lacked authority to do so. We disagree.

The basis of the union's claim is the final paragraph of the court's memorandum of decision, to wit: "The court agrees with the [housing authority] that the portion of the board's decision that was within the scope of the submission should be accepted and that the portion relating to the position of Clerk Typist II, which was outside the scope thereof, should be vacated. Therefore, the board's ruling rejecting the grievance relating to the position of Work Order Clerk/Dispatcher is affirmed, but the remedy or award, which both the [housing authority] and the [union] agree was outside the scope of the submission is, therefore, vacated. General Statutes § *52-418 (a) (4)*." (Emphasis added.)

Because the purpose of arbitration is to prevent litigation, it is favored by the law and is to be encouraged as the manner of settling labor disputes. *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 612–13, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955). "[T]he submission should set forth the questions to be resolved in such a manner as to show clearly what disputes are to be arbitrated. . . . The charter of an arbitrator is the submission and

no matter outside the submission may be included in the award. . . . Ordinarily, an award which does not respond to the submission cannot be upheld. . . . It is void to the extent to which it is outside the submission. . . . To that extent the award must be vacated by the Superior Court upon proper application. . . . On the other hand, if part of an award is within the submission and part of it is not, the former may be sustained and the latter rejected if the two can be separated without doing an injustice." (Citations omitted; internal quotation marks omitted.) Id., 613–14; see also *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 489, 610 A.2d 1212 (1992) (where specific questions submitted for arbitration, portion of award outside submission void); *Waterbury Construction Co.* v. *Board of Education*, 189 Conn. 560, 564, 457 A.2d 310 (1983) (application to correct should be granted only where by doing so merits of portion of award within submission are not affected).

The essence of the union's claim is that although § 52-418 (a) (4) permits the court to vacate an entire award, it does not permit the court to vacate part of an award. The union asserts that by vacating part of the board's award, the court actually modified the award, which § 52-418 does not permit. Although we acknowledge that § 52-418 (a) (4) is not the statutory provision that permits judicial modification of an award, the court is permitted to modify or correct an award if it "is imperfect in matter of form not affecting the merits of the controversy" pursuant to § 52-419 (a) (3).[5] Whether the court cited § 52-418 as the result of an oversight or clerical error does not matter, as it had authority to modify the award pursuant to § 52-419. Furthermore, "[w]e can sustain a right decision although it may have been placed on a wrong ground." *Stapleton* v. *Lombardo*, 151 Conn. 414, 417, 198 A.2d 697 (1964).

---

[5] See footnote 3.

The parties' submission was clearly limited to the dispatcher position. The board discussed the dispatcher position and concluded that the housing authority had not discriminated against Cabello. In addition, however, the board addressed the typist position and crafted a remedy in a separate section of the award. The court properly ordered those sections of the award dealing with the typist position stricken because they did not affect the merits of the controversy, which involved only the dispatcher position.

The union also claims that by striking the "award" section of the arbitrators' decision the court effectively vacated the entire award. The union appears to argue that because the board entitled a section of its decision "award" and the court vacated that section of the document, the entire award was vacated. The court referred to the "award" section of the document as the board's remedy. We agree that this section of the document constitutes the board's remedy with respect to the typist position. As we concluded previously, the typist position was outside the scope of the submission, and the trial court properly struck anything having to do with it from the award. As our Supreme Court stated in *Local 63, Textile Workers Union*, if part of an award is within the submission and part of it is not, the court may vacate any portion of the award that does not disturb the merits of the arbitration. *Local 63, Textile Workers Union* v. *Cheney Bros.*, supra, 141 Conn. 613. The court, therefore, did not effectively vacate the board's entire award.

## II

The union's second claim is that the court abused its discretion by not remanding the matter to the board for a new hearing in violation of § 52-418 (b). We do not agree.

The union's claim appears to be based on an assumption that the board incorrectly substituted the typist position for the dispatcher position in the "award" section of the decision. The union argues that the court improperly refused to remand the matter to the board so that the board could rehear the arbitration and, in effect, correct the award. As explained in part I of this opinion, the court modified the board's award by striking those sections that concerned the typist position. The court did not vacate the entire award, and its decision completely resolved the parties' dispute pursuant to the submission. There was, therefore, no need to remand the matter to the board. Factually, the matter does not meet the condition precedent of § 52-418 (b), namely, vacation of the award. The court properly did not remand the matter for a new hearing, as § 52-418 (b) does not apply to the facts of the case.

The judgment is affirmed.

In this opinion the other judges concurred.