[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action plaintiff's move to confirm an arbitration award, pursuant to C.G.S. 52-417, and defendants move to vacate the award pursuant to Section 52-418. The facts are as follows:
Plaintiffs and defendants were involved in a dispute as to whether water flowing from the defendants' land caused damage to the plaintiffs' CT Page 12191 land. The dispute generated a lawsuit by the plaintiffs against the defendants in the Superior Court, Judicial District of Hartford. On April 24, 2000 the parties entered into an agreement of binding arbitration to resolve the dispute. The parties choose Attorney Patrick Noonan as the arbitrator, and agreed as follows:
 "(a) All issues of liability and damages will be resolved by arbitration;
 (b) In the event the Arbitrator finds the issues of liability in the Plaintiffs' favor, each party, shall submit a proposed remedy to the Arbitrator;
 (c) Any award to the Plaintiff shall be from one of the proposed remedies and the parties agree to be bound thereby;
 (d) The decision of the Arbitrator may be confirmed or vacated by motion of either party made in accordance with Connecticut General Statutes;"
Extensive testimony was adduced before and numerous exhibits presented to the arbitrator. On August 29, 2000 the arbitrator rendered the following award:
"1. Defendants, having found by the arbitrator to have altered their property so as to increase the deleterious effects of water flowing onto the plaintiffs' property, are hereby ordered to implement the plan of remediation as outlined in the letter from Haley Aldrich, Inc., dated June 15, 2000. . . ."
2. Defendants shall pay the plaintiffs the sum of $9,145 in compensatory damages within thirty days of the date of this award.
A letter of Haley Aldrich, Inc., dated June 15, 2000, incorporated into the award, provided the following remedial action:
1. Pipe drainage from driveway (existing catch basin) in a minimum 8-in. PVC pipe to the bottom of steps (new catch basin), at the northwestern corner of the retaining wall. A drainage trench will begin there and extend to the western property line of the defendants. Pipes draining the driveway steps and portion of the roof shall be connected directly to the drainage trench piping.
2. The drainage trench should be located roughly along the top of the CT Page 12192 fill slope no closer than 25 ft. from the northern property line of the defendants.
3. The drainage trench should be constructed to a minimum depth and width of 24 in., lined with filter fabric, and contain a minimum 8 in. dia. perforated pipe, and filled with 3/4 in. crushed stone.
4. The drainage trench piping and finish grade should be constructed in a swirl and pitched to a direct drainage towards the west.
5. Alternatively a berm should be constructed above the northern limit of the drainage trench. The berm should be approximately 1 ft. high and reinforced by a giotextile which is anchored to the northern portion of the drainage trench.
6. A precast concrete spillway should be located at the western end of the trench.
7. The selected contractor should prepare draft drawings and specifications for review and approval by Haley Aldrich, Inc.
On September 7, 2000 the arbitrator issued a supplemental arbitration award to the effect that Haley Aldrich should be given the opportunity to inspect the work at all stages, given at least three days notice of final plans prior to commencement of construction in order to permit Haley Aldrich to approve the plans, and should be permitted to inspect the trench before the trench gets filled in.
David W. Boone, director of health of the Town of Glastonbury, testified that Haley Aldrich's proposal for remediation, incorporated into the arbitrator's award, would violate the public health code of the State of Connecticut in that the technical specifications for the Connecticut Public Health Code pertaining to the location of subsurface sewage disposal systems provide that surface or ground water drains have to be constructed of tight pipe and cannot be within 25 ft. of a septic system, no drains shall be less than 5 ft. from a leach system, and all gradient drainage systems to collect or redirect ground water must be at Least 50 ft. away from leach fields. The Haley Aldrich remediation proposal required the installation of a drainage trench through the defendant's leach field. The director of health further testified that he would not permit that plan to be implemented on the defendants' property.
Plaintiffs presented as a witness a professional engineer who testified that he did not dispute that the Haley Aldrich plan violated the Connecticut state health code. He submitted a plan of his own as to how CT Page 12193 to remediate the water drainage but since that was never submitted to the arbitrator, the Court will not consider it.
The general rule is that as to voluntary and unrestricted arbitrations, the reviewing court is limited to determining whether the panel's award conforms to the submission. Quigley-Dodd v. General AccidentInsurance Co. of America, 256 Conn. 225, 248-249 (2001). As stated inAmerican Universal Insurance Co. v. Del Greco, 205 Conn. 178, 186, 87
(1987):
 "Under an unrestricted submission, the arbitrator's decision is considered final and binding; thus the court's will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact . . .
 "Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed to have assumed the risks of and waived the objections to that decision. Thus we have previously held that the parties should be bound by a decision that they contracted and bargained for, even if it is regarded as unwise or wrong on the merits."
In the case before this court the award clearly conforms to the submission. The submission specifically provides that the arbitrator can decide all issues of liability and damages and can decide among the proposed remedies to the water situation submitted by the parties.
However, even in the case of an unrestricted submission, the court's have recognized three grounds for vacating an award: (1) the award rules on the constitutionally of a statute; (2) the award violates clear public policy; and, (3) the award contravenes one or more of the statutory proscriptions of C.G.S. § 52-418. Garrity v. McCaskey, 223 Conn. 1, 6
(1992).
Section 52-418 states that an arbitration award may be vacated if the court finds that the award was procured by corruption, fraud, or undue means, or if there has been evident partiality or corruption on the part of the arbitrator, or if the arbitrator was guilty of misconduct respecting postponing hearings, or "(4) if the arbitrators have exceeded their power or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." While the Supreme Court has on occasion held that the public policy exception is CT Page 12194 based upon the statutory provision of the arbitrator failing to determine a "mutual, final and definite award", in Garrity v. McCasky, supra, at 6, the court held that Section 52-418 was not the sole source of the court's power of review and that the public policy exception exists in common law. However, the public policy exception applies only when the award is clearly illegal or clearly violative of a strong public policy. Id. at page 7, Watertown Police Union Local 541 v. Watertown,210 Conn. 333, 339 (1989). The policy exception is narrowly construed and applies only when the award would violate some explicit public policy that is well defined and dominant, and that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest." South Windsor v. Police Union Local 480, 255 Conn. 800,815 (2001).
In this case the court finds that the evidence clearly establishes that ordering the defendants to comply with the remediation portion of the arbitration award would violate provisions of the Connecticut Health Code prohibiting drainage systems within a prescribed distances from septic systems. This constitutes a violation of the explicit public policy of an administrative agency's regulations, and derives not from general notions of public interest.
The court here is not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award.Perkins Mario, PC v. Annunziata, 25 Conn. App. 337, 240 (1997). It relies upon the principle that "the parties cannot expect conduct which is illegal or contrary to public policy to receive judicial endorsement anymore than parties can expect the court to enforce such a contract between them", State v. Council IV AFSCME, 27 Conn. App. 635, 640
(1992).
The plaintiff here seeks to have this court modify the award by adopting their engineer's proposal for remediation rather than the one ordered in the arbitration award. Clearly the court cannot do that. Section 52-419 provides that upon the application of any party to an arbitration, the court can modify or correct the award if it finds "(1) there has been an evident, material miscalculation of figures or an evident or material mistake in the description of any person, thing, or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; (3) or if the award is imperfect in a matter of form not affecting the merits of the controversy." The statute further provides that the order shall modify and correct the award so as to effect the intent thereof and promote justice for the parties. However, changing the award by utilizing plaintiffs' engineer's proposal for remediation would exceed the powers of CT Page 12195 modification permitted by § 52-419.
Thus, the court concludes the remediation portion of the award violates public policy and must be vacated.
The question before this court is whether or not it should vacate the entire award or let stand the portion of the award the imposing on the defendants compensatory damages of $9,158.45.
In Hartford v. International Association of Firefighters, Local 760,49 Conn. App. 805 (1998), the arbitrator entered an award that the City of Hartford had violated the terms of a collective bargaining agreement by changing insurance benefits to the members of the defendant union as they existed prior to a certain date, ordered plaintiff to restore the original health plan, and required the plaintiff to deposit in a special escrow account 1.3 million dollars for each twelve month period subsequent to July 1, 1991 during which the plan unilaterally implemented by the plaintiff remained in effect. The court found that the provision relating to the special escrow account was punitive in character, and therefore, violated the public policy against imposing punitive damages upon an municipality. As consequence it vacated the entire award. The court did not discuss whether or not it could affirm part of the award and vacate part.
On the question of whether or not an award can be enforced in part and vacated in part, the Supreme Court has held in Local 63 Textile WorkersUnion v. Cheney Bros., 141 Conn. 606, (1954), that if part of an award is within the submission and part of it is not, the former may be sustained and the latter rejected if the two can be separated without doing an injustice. The Court stated at p. 619: "As has been pointed out, when an arbitrator exceeds his authority, the award is void only to the extent that he does so and if the part which is void can be separated from the rest without an injustice and without affecting the merits of the part of the award which is within the submission."
In the more recent case of Housing Authority v. Local 1303-250, Council4, 56 Conn. App. 786 (2000), the state board of mediation and arbitration ordered that the plaintiff had not discriminated against an employee with respect to a dispatcher position but the board also ruled that the Housing Authority had deprived that employee of certain rights she had with respect to a typist position and ordered that she be offered that or a comparable position with back pay and benefits. Both parties agreed that the Board's award exceeded the scope of the submission. Appellate Court affirmed the Board's ruling regarding the dispatcher position and vacated the portion of the award relating to the clerk/typist position. Appellate Court, on the basis Local 63 Textile Workers Union v. CheneyCT Page 12196Bros., supra, held that if a part of an award is within the submission and part of it is not, the Court may vacate any portion of the award that does not disturb the merits of the arbitration.
In the case before this Court issues of liability for past damages and remediation of the water situation are both within the submission, and as a consequence this case differs from the holdings of cases mentioned above.
However, the basic principle of those cases should apply and common sense dictates that where a portion of an award is valid and a portion is invalid, the valid portion should be confirmed and the invalid portion vacated, as long as the two can be separated without doing an injustice and as long as the vacated portion does not disturb the merits of the valid portion. In this case the compensatory damages portion of the award relates to past damages and the remedial portion of the award relates to future corrective action. The compensatory damage portion can be confirmed without doing an injustice and the remedial portion can be vacated without disturbing the merits of the compensatory damage portion. Moreover, the defendants have contested only the remediation portion of the award so, in effect, they have conceded the enforceability of the compensatory damage portion. CT Page 12197
Therefore, this court confirms the portion of the arbitrator's award requiring defendants pay plaintiff's compensatory damages of $9,145 and vacates the portion of the award providing for remediation of the water situation because it violates public policy.
Robert Satter, State Judge Referee CT Page 12198