[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION TO VACATE AND/OR MODIFY ARBITRATION AWARD (#101)
The plaintiff, the National Association of Government Employees, Local RI-200 (union), filed this application to vacate and/or modify an arbitration award. The defendant, the city of Bridgeport, filed a brief in opposition to the plaintiff's application. The record establishes the following facts.
Between July 1, 1995 through June 30, 1998, the union and the city were parties to a collective bargaining agreement. The agreement covers three out of seven classes of custodians employed by the board of education and contained an arbitration provision. On September 30, 1997, the union filed a grievance against the defendant on behalf of Raymond Leonzi, a custodian for the Bridgeport board of education, claiming that the defendant denied Leonzi overtime work in violation of the collective bargaining agreement. During the grievance procedure, Leonzi's employment status became an issue because at the time of his grievance, he was working under a different employment classification, which was covered by a separate collective bargaining agreement. Accordingly, the defendant raised the issue of whether Leonzi had standing to file the original grievance.
The parties agreed to submit the following issue to a panel of arbitrators with the state board of mediation and arbitration (panel): "Did the Grievant have standing to file the instant grievance?" (Return of Record [ROR], Exhibit 13, p. 1.) On July 6, 2001, the panel issued a written award stating: "The Grievant has standing. The Panel will not schedule a case on the merits due to the specific contractual limitations." (ROR, Exh. 13, p. 9.) The union seeks to vacate or modify the award pursuant to General Statutes §§ 52-418 (4) or 52-419 on the basis that in the latter part of the award, the arbitrators exceeded their powers, or issued an award on an issue that was not submitted to them. The city opposes the union's application on the ground that the CT Page 2206 award was reasonably related to the submission. In the alternative, the city agrees with the union that if the court determines the latter part of the award should be vacated, it should nevertheless uphold the first part of the award pursuant to General Statutes § 52-419 (a) (3).
"Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators." (Internal quotation marks omitted.) Industrial Risk Insurers v. HartfordSteam Boiler Inspection Ins. Co., 258 Conn. 101, 109, 779 A.2d 737
(2001). "The well established general rule is that [w]hen the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." (Citation omitted; internal quotation marks omitted.) State v. AFSCME, AFL-CIO, Council 4, Local 2663, 257 Conn. 80,84-85, 777 A.2d 169 (2001).
"In determining whether a submission is unrestricted, we look at the authority of the arbitrator. The authority of the arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted . . . The arbitration clause in a contract constitutes the written submission to arbitration . . . If the parties have agreed in the underlying contract that their disputes shall be resolved by arbitration, the arbitration clause in the contract is a written submission to arbitration." (Citations omitted; internal quotation marks omitted.) Exley v. Connecticut Yankee Greyhound Racing,Inc., 59 Conn. App. 224, 229, 755 A.2d 990, cert. denied, 254 Conn. 939,761 A.2d 760 (2000). When a submission is unrestricted, the Supreme Court has held that an award can be vacated if, inter alia, "the award contravenes one or more of the statutory proscriptions of §52-418."[1] (Internal quotation marks omitted.) Stratford v.International Assn. of Firefighters, AFL-CIO, Local 998, 248 Conn. 108,116, 728 A.2d 1063 (1999).
In this case, the collective bargaining agreement between the plaintiff and the defendant provided: "The arbitrator(s) shall limit its decision strictly to the application, meaning or interpretation of the provisions of this Agreement. The arbitrator(s) shall not add to, nor subtract from, the terms of this Agreement as written. The arbitration award shall be in writing and shall set forth the opinion and conclusions on only theissue submitted." (Emphasis added.) (ROR, Exh. 8, p. 15.) Here, the issue CT Page 2207 submitted to the panel was specific: "Did the Grievant have standing to file the instant grievance?" (ROR, Exhibit 13, p. 1.) The panel was not asked to decide whether if Leonzi did have standing, contractual limitations would prevent the panel from scheduling a case on the merits. In its award, however, the panel held: "The Grievant has standing. The Panel will not schedule a case on the merits due to the specific contractual limitations." (ROR, Exh. 13, p. 9.) The panel reasoned: "We find that the Parties have provided sufficient argument and evidence for us to determine that any decision on the merits will go beyond the `application, meaning or interpretation of the provisions of this Agreement.' Based on the foregoing, we find that the Grievant has standing. This Panel, however, is not empowered to decide the issue of assignment of bargaining unit work when the position the Grievant holds is clearly covered by the terms of a separate agreement which is not before this panel for interpretation." (ROR, Exh. 13, p. 8-9.)
"It is a truism frequently stated by this court that the charter of an arbitrator is the submission, and no matter outside the submission may be included in the award. The basic test of the validity of an award lies in its conformity to the terms of the submission." Local 1078 v. AnacondaAmerican Brass Co., 149 Conn. 687, 689-90, 183 A.2d 623 (1962). "An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission." (Internal quotation marks omitted.) Industrial Risk Insurers v. Hartford SteamBoiler Inspection Insurance Co., supra, 258 Conn. 114-15. Here, the latter part of the panel's award does not conform to the issue submitted. As a result, the plaintiff was denied the opportunity to be heard on the issue of whether the limitations of the collective bargaining agreement precluded the union from bringing a case on the merits.
"Ordinarily, an award which does not respond to the submission cannot be upheld . . . It is void to the extent to which it is outside the submission . . . To that extent the award must be vacated by the Superior Court upon proper application . . . On the other hand, if part of an award is within the submission and part of it is not, the former may be sustained and the latter rejected if the two can be separated without doing an injustice." (Citations omitted.) Local63 Textile Workers Union v. Cheney Bros., 141 Conn. 606, 613-14, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S.Ct. 449, 99 L.Ed. 748 (1955).
As noted above, the parties apparently agree that even if the second part of the award is vacated, the court should uphold the first part of CT Page 2208 the award because it conforms to the parties' submission. General Statutes § 52-419 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order modifying or correcting the award if it finds any of the following defects: . . . (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted . . . (b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties." Section 52-419 authorizes the court to strike out that portion of an award which is not responsive to a submission and can be severed from the germane segment of the award.Waterbury Construction Co. v. Board of Education, 189 Conn. 560, 564,457 A.2d 310 (1983).
Accordingly, the latter portion of the of the panel's July 6, 2001 award, which states: "The Panel will not schedule a case on the merits due to the specific contractual limitations" is hereby vacated. The first part of the award, which conforms to the submission, stands.
RUSH, J.